09-4037-cv
Bougades v. Pine Plains Cent. Sch. Dist.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of May, two thousand ten.

PRESENT:  REENA RAGGI,
          PETER W. HALL,
                    *Circuit Judges.*[*]
-----------------------------------------------------------------------
ARTHUR BOUGADES, MARGARET BOUGADES,
parents of a disabled child, M.B.,
                    *Plaintiffs-Appellees*,

v.                                          No. 09-4037-cv

PINE PLAINS CENTRAL SCHOOL DISTRICT,
                    *Defendant-Appellant.*
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:     MARK C. RUSHFIELD, Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, New York.

APPEARING FOR APPELLEES:     ROSALEE CHARPENTIER, Family Advocates, Inc., Kingston, New York.

---

[*] Judge Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter in accordance with Second Circuit Internal Operating Procedure E(b).

Appeal from the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on August 26, 2009, is REVERSED and REMANDED.

Defendant Pine Plains Central School District ("Pine Plains" or the "District") appeals from an award of summary judgment in favor of plaintiffs on their claims (1) alleging that the District denied their disabled child, M.B., a free appropriate public education ("FAPE") in violation of the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1412(a)(1)(A), and (2) seeking reimbursement for the cost of private school tuition for the 2003-04 school year. Pine Plains contends that the district court erred in (1) considering certain unexhausted claims, and (2) failing to give due deference to the underlying administrative decisions. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Pine Plains' exhaustion challenge merits little discussion. Plaintiffs challenged the substantive adequacy of M.B.'s Individualized Education Program ("IEP") before the Individual Hearing Officer ("IHO") and State Review Officer ("SRO"), and the record is replete with discussion of M.B.'s need for homework modification and writing intervention. In these circumstances, we identify no basis for deeming the relevant issues unexhausted. See Polera v. Bd. of Educ., 288 F.3d 478, 487 (2d Cir. 2002) (noting that "[e]xhaustion of

2

the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children" (internal quotation marks omitted)). Nevertheless, because we conclude that the district court failed to accord the decisions of the IHO and SRO sufficient deference, we reverse.

A parent who believes that the state has failed to provide his or her child with a FAPE "may pay for private services and seek reimbursement from the [public] school district for expenses that [the district] should have paid all along and would have borne in the first instance had it developed a proper IEP." T.P. v. Mamaroneck Union Free Sch. Dist., 554 F.3d 247, 252 (2d Cir. 2009) (internal quotation marks omitted). To determine whether a parent is entitled to such reimbursement, we consider whether (1) the state has complied with the IDEA's procedural requirements, see Cerra v. Pawling Cent. Sch. Dist., 427 F.3d 186, 192 (2d Cir. 2005), (2) the proposed IEP is "reasonably calculated to enable the child to receive educational benefits" and thus substantively adequate, id. (internal quotation marks omitted), and (3) "the private schooling obtained by the parent[] is appropriate to the child's needs," T.P. v. Mamaroneck Union Free Sch. Dist., 554 F.3d at 252. The first and third elements of this inquiry are not at issue. Accordingly, we here consider only whether Pine Plains proposed a substantively adequate IEP for M.B.'s 2003-04 school year.

3

The IHO found, and the SRO agreed, that M.B.'s poor progress in the 2002-03 school year resulted from the lack of daily multi-sensory reading classes and the discontinuation of assignment modifications that would allow him to complete his homework in a timely manner. Concluding that Pine Plains offered M.B. a substantively adequate IEP, the SRO (1) noted the IHO's observation that "the 2003-04 IEP recommended that homework assignments be broken down, [an accommodation that] had been discontinued midway through the prior school year at the parents' request," December 8, 2004 Decision of SRO Paul F. Kelly at 7, and (2) found that "[t]he hearing officer . . . examined the record and properly determined that the . . . 2003-04 IEP corrected for any failings in the 2002-03 program and addressed [M.B.'s] areas of regression in reading by requiring [him] to attend a multisensory reading class every day as well as a writing instruction class every other day," id.

Upon review, the district court determined that – insofar as homework and writing were concerned – the IHO and SRO decisions were entitled to no deference because their conclusion that the 2003-04 IEP adequately addressed M.B.'s difficulties in those areas was not supported by the record. Reviewing the record independently, the court then concluded that – with respect to homework and writing – "the 2003-04 IEP did not provide for any different services or program modifications than M.B. received in 2002-03" and, therefore, did not adequately address his difficulties in a manner reasonably calculated to enable him

4

to receive educational benefits.  Bougades v. Pine Plains Cent. Sch. Dist., No. 05 Civ. 2861, 2009 WL 2603110, at *10-11 (S.D.N.Y. Aug. 25, 2009).  We disagree.

While a district court reviewing state educational decisions under the IDEA "must engage in an independent review of the administrative record," Cerra v. Pawling Cent. Sch. Dist., 427 F.3d at 191, and "base its decision on the preponderance of the evidence, it must give due weight to [the administrative] proceedings, mindful that the judiciary generally lack[s] the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." T.P. v. Mamaroneck Union Free Sch. Dist., 554 F.3d at 252 (alterations in original) (internal quotation marks and citation omitted).  As the Supreme Court has cautioned, independent review of the evidence "is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." Board of Educ. v. Rowley, 458 U.S. 176, 206 (1982).  Having thoroughly reviewed the record, we conclude that the SRO's decision was supported by a preponderance of the evidence and was therefore entitled to deference.

1.    Homework

Contrary to the district court's conclusion that "[t]he 2003-04 IEP makes no reference whatsoever to shortened [homework] assignments," Bougades v. Pine Plains Cent. Sch. Dist., 2009 WL 2603110, at *10, the IEP specifically states that "[a]ttention should be given to ensure [M.B.'s] understanding of directions/assignments, which should be short, concise, and broken-down into manageable parts." 2003-2004 IEP at 3.  While this language appears in

5

the "Needs" section and not the "Program and Testing Accommodations" or "Program Modifications" section – where the shortened-assignment provisions previously appeared – it nevertheless serves as a directive to those responsible for implementing and abiding by the terms of the IEP. On this record, we cannot conclude that the administrative finding of adequacy with respect to the issue of homework was without sufficient support. The finding should therefore have been accorded deference.[1]

2. Writing

In concluding that the 2003-04 IEP was substantively deficient on account of its failure adequately to address M.B.'s writing difficulties, the district court noted that "M.B.'s declining academic performance in 2002-03 resulted from . . . the change in his schedule from daily multi-sensory reading to alternating multi-sensory reading and writing intervention." Bougades v. Pine Plains Cent. Sch. Dist., 2009 WL 2603110, at *9. This formulation of the IHO's findings, which were subsequently adopted by the SRO, somewhat mischaracterizes the nature and cause of M.B.'s difficulties. The IHO specifically found that

_____

[1] Even if the 2003-04 IEP did not contain a homework modification provision, it is unclear that the absence of such a provision would automatically render the IEP substantively inadequate. The record indicates that the 2002-03 IEP contained a homework modification provision, the enforcement of which plaintiffs opposed. Given that plaintiffs successfully prevented the District from implementing the 2002-03 homework modification provision and never suggested that they were of a different mind regarding the 2003-04 school year, we would hesitate to conclude that such an alleged defect in the 2003-04 IEP entitled plaintiffs to opt out of the District and recover for private placement. In any event, we need not decide that question because the record demonstrates that the 2003-04 IEP does address the identified homework concern.

6

"the best explanation for th[e] discrepancy [between M.B.'s fifth and sixth grade perfomance] is . . . that, in sixth grade, Multi-sensory Reading classes were not daily." September 7, 2004 Decision of IHO Michael Lazan at 51; see also id. at 48 ("Without the five days of Multi-sensory Reading in 2002-2003, M.B. was not in sync with the other children in his group and thus was hindered in his efforts to succeed."). Accordingly, it was not the lack of a daily writing class that the IHO found to be at the core of M.B.'s performance problems, but instead the lack of a daily multi-sensory reading class. As neither party disputes that the 2003-04 IEP provides such daily reading instruction, we are not persuaded that the IEP failed adequately to address M.B.'s needs as outlined by the IHO and affirmed by the SRO.

Even if the IHO's decision were properly construed to link M.B.'s poor performance to past writing instruction, we would nevertheless conclude that the district court erred in finding that "the 2003-04 IEP provide[d] for the same writing program that M.B. had received since November 1, 2002 – namely, a writing intervention class every other day" – and that the IEP was substantively inadequate on that basis. Bougades v. Pine Plains Cent. Sch. Dist., 2009 WL 2603110, at *11 (emphasis in original). While the frequency of writing instruction under the 2003-04 IEP remained the same, the frequency of reading instruction was increased. Moreover, unlike the 2002-03 IEP, the 2003-04 IEP specified certain days when M.B. would receive both multi-sensory reading and writing instruction. Given record evidence indicating that such multi-sensory reading instruction was important to M.B.

7

overcoming writing difficulties, we cannot conclude that the administrative decisions finding M.B.'s 2003-04 IEP substantively adequate were not supported by a preponderance of the evidence. We need not determine whether we would have adopted the same educational program in the first instance. It is enough to say that because the IEP is supported by the record, the IHO and SRO's conclusions – and the notions of sound educational policy upon which those conclusions are premised – are entitled to deference. Although the district court concluded that it was not required to determine whether deference to the SRO's finding of adequacy was warranted because the SRO failed (1) explicitly to acknowledge the IHO's erroneous description of the 2003-04 IEP as providing for daily writing instruction, and (2) independently to assess the adequacy of the IEP in light of that error, we are not persuaded. The SRO properly described the 2003-04 IEP as providing for daily reading instruction and writing instruction every other day. He then agreed with the IHO's conclusion that the IEP was substantively adequate and stated the reasons therefor, none of which depended upon the proposed frequency of writing instruction. In light of the record evidence discussed, the SRO's correct description of the IEP, and his decision to affirm the adequacy of the educational program recommended, we cannot conclude that the IHO's incorrect description of the IEP's writing provisions renders the administrative decisions at issue so unreliable or inaccurate that they are not entitled to deference.

For the foregoing reasons, the August 26, 2009 judgment of the district court is

REVERSED and the case REMANDED with instructions to enter judgment for Pine Plains.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court